ALLEN, Judge.
This is an appeal from a final decree in a suit to rescind a real estate contract, which suit was brought by the appellant, Country Life Construction Corporation, against Jack D. McCormack and wife, the appellees, to rescind and cancel a purchase and sale agreement whereby the plaintiff-appellant purchased certain property from the defendants-appellees. After hearing *764 the testimony, the chancellor dismissed the complaint, as amended, and dismissed the counterclaim of the defendants. This appeal is by the plaintiff below.
The chancellor made the following findings in his decree:
“The Plaintiff herein entered into a purchase and sales agreement with the Defendants to buy certain real estate from them. When this agreement was executed, it was specified that the Defendants did not have title to a portion of the land designated as the 'Ocean Ridge Parcel’. The Defendants were parties to a contract of sale between the Town of Ocean Ridge, as seller, and themselves, as purchasers, on the Ocean Ridge Parcel, which contract was extended until February 29, 1957. This contract required the purchasers to do certain improving of the parcel, as well as the filing of a plat, before title was to be transferred.
“Upon the day for closing of the transaction, between the Plaintiff and the Defendants, the latter still did not have title to the Ocean Ridge Parcel. Plaintiff could have terminated its purchase and sale agreement with the Defendants at this point and received the return of its deposit, but instead chose to go forward, accepting a deed to all property except the Ocean Ridge Parcel, and giving back a mortgage on the property covered by the deed. At the closing, the following words were written on the pur- ’ chase and sale agreement between these parties: ‘If for any reason whatsoever the purchaser cannot obtain good and marketable title to the Ocean Ridge Parcel, this transaction shall fail, and all monies will be refunded.’
“After this closing, in November, 1956, Plaintiff entered upon the Ocean Ridge Parcel and began improvements. On January 5, 1957, Plaintiff made a mortgage payment due on the property, to which it had received a deed. For reasons not sufficiently explained by Plaintiff in this suit, a deed was never secured on the Ocean Ridge Parcel from the Town. On March 14, 1957, the Town of Ocean Ridge advised Plaintiff-corporation, through its president, that, although the contract on the Ocean Ridge Parcel had expired, it would be renewed for an additional period to August 31, 1957, upon payment to the Town of an additional $2,000.00, which would be credited upon the original purchase price. Plaintiff took no action, and on May 20, 1957, notified defendants it could not obtain title and demanded a recession of all that had gone before, and a refund of all monies it had paid. This was the first contact, shown by the evidence, between Plaintiff and Defendants since the closing of November, 1956.
“It seems important that two things occurred at the closing between Plaintiff and Defendants. First, Plaintiff chose to go ahead and secure a deed to all but the Ocean Ridge Parcel, and give back a mortgage, although it could have terminated the entire transaction and been refunded its entire deposit. Second, the addition, then written on the agreement, seems to have placed on the purchaser, the plaintiff, the duty of obtaining title. This is borne out by the fact that the Plaintiff immediately started the improvements necessary to securing title from the Town of Ocean Ridge, that Defendants did nothing further in that connection, nor in connection with securing an extension, and that the Town itself dealt directly with Plaintiff, with reference to the proposed extension. Plaintiff has failed to show by a preponderance of the evidence that it could not secure title to the Ocean Ridge Parcel. In fact, from all that appears, it could have done so *765 within the time proposed by the proffered extension.”
The appellant states its point involved in this appeal as follows:
“Whether or not the circuit judge in entering the decree of February 25, 1958, misapprehended the legal effect of the evidence so that said decree was erroneous.”
We have studied the evidence that was before the chancellor and the briefs of the parties and conclude therefrom that there was sufficient evidence to justify the chancellor’s determination of facts and conclusions of law.
The decree of the lower court is affirmed.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.